Okay. Thank you, your honor. It's nice meeting you, your honors. Uh, it's Parker, Paris, uh, thank you so much for the chance, opportunity to, uh, argue my, uh, arguments. Uh, and I want to start, uh, saying that, uh, uh, my arguments or arguments is, uh, twofold. One is in regard to the automatic stay in my case. And the second is regarding, uh, the properties involved in my case. Uh, when I started with, uh, uh, regarding the state, the automatic stay on my case, uh, it was, uh, a motion, um, to release the state file for the opposing party, uh, credit or RCPE, RCPE, uh, represented by, uh, Mr. uh, which I consider that it was not proper because that refers to another property, which is in my case property that belongs to Mr. Javier Jimenez, uh, with whom I have, uh, an agreement regarding the property, uh, we want to do a development on the property in the um, the fear about being foreclosed by RCPE creditor, who's claiming a 501 truthful claim that I consider that is not, uh, allowable by the court, even though, excuse me, judge Lafferty. Go ahead. Yeah, Mr. Rivera, let me ask you a question. You know, relief from stay is really almost entirely procedural. It's not going to get at the merits of a question most of the time. It's just the question of, you know, if there is something to be decided here, is there a reason why the bankruptcy code should prevent that decision from happening? So, I mean, I think there's, we'll get to the ambiguities as to what interests you did or didn't have in this property, but what could be wrong about a court saying, look, if there's a question here, go figure it out. Relief from stay is appropriate. Yes. I understand. You don't know what you're saying. Um, my point of view is that basically because I was, uh, discharged from my, uh, debts, uh, which, uh, the, uh, honorable chapter 13 trustee, Mr. Uh, Pringle decided to give me the discharge. Although, um, one of the purpose of my filing that case is because, uh, I'm going to file, uh, void the claim on my property. Uh, I filed this, um, um, chapter seven, uh, and, uh, on, uh, September 9th, 2019, uh, and I, uh, the property, uh, Mr. Jimenez property to protect it from, uh, foreclosing, uh, by, uh, RCP creditor, who is not a real claimant. Well, let me, let me stop you then. Do you actually own, do you really own any interest in Mr. Jimenez's property? I thought you told the bankruptcy court you did not. I do not. I don't know the owner. So why did you list this property at your bankruptcy case? Um, well, just to protect it from, uh, the, uh, intentions foreclosing without, uh, uh, without respect to the bankruptcy court. Well, you know, the, the problem is that's, that's, that's illegal. I mean, claiming you own property you don't really own in a bankruptcy case is illegal on any number of levels for nothing else. It's perjury because you don't actually own the property. I understand that thing. I already filed a quick, um, gave Mr. Jimenez a quick claim and deal on the, on the property. I have no interest more than protect, uh, the property for the future development that we are, uh, in partnership to do. But, but, you know, let me, let me follow up on judge Ferris's point. You were, you were deeply involved in the Jimenez case, right? And in that case, somebody went to a bankruptcy judge to talk about these issues. That bankruptcy judge made a ruling. That ruling got appealed. I remember very directly you being at a BAP argument where I was on the panel with I, and you admitted there, yeah, I have an interest in this. And, you know, I mean, how was any of that appropriate? I mean, there, there was, there was a full opportunity to litigate and argue about all the issues, right? Mr. Jimenez's rights in his case. And that happened. A lot of this, uh, is the interest that Mr. Jimenez has on his own property, which should be in, I'm trying to be foreclosed by a claimant that. That was rarely in front of the bankruptcy court and the bankruptcy court made a decision about that. Correct. In that regard, uh, as you say on your, on your opinion, which was published, uh, that you have your additional issue regarding the state. And I understand that. And I do appreciate that because that concerns about my, my, my, my property to, uh, the automatic stay. It's your decision about the jurisdictional issue regarding protection. And until now, until this meeting, uh, the properties are protected because of the jurisdictional issue that you have power on the panel, have the power on controlling that, uh, you decide, uh, you decide before, uh, on, on, on Jimenez's case. Well, well, well, no, let me, let me correct you. We're an appellate panel. The bankruptcy court made a reasoned decision. Okay. We agreed with part of it. We didn't agree with another part, but we affirm what the bankruptcy court did, but there was a full opportunity in front of the bankruptcy court to make these arguments. Wasn't there? Yes, of course. I understand. I appreciate that. That you say that when you did your opinion, your opinion has a lot points whereby, uh, RCP creditor didn't really move a finger to claim the property when the Jimenez did. They, uh, um, the full judgment with the same judge, Mrs. Uh, honorable, but you can't challenge. It's just not proper to challenge that by filing a bankruptcy case and then pretending that you have an interest in the property, which you've just told us you don't. I mean, there may be problems, but you, you can't challenge it by basically starting off with a lie. I didn't pretend because my interest is about building, um, a four or six units, um, project that with the Jimenez, where I'm going to, as a real estate broker, as a real estate developer, I will make money and I mean, ownership interest. Did you have an ownership interest in that property? I don't know right now, sir. You don't know. So there was mention of a quick claim deed. There is no quick claim deed. I did the quick claim deed already. So I don't have more interest on the property. You did a quick claim deed to whom? Uh, well, Mr. Jimenez, uh, add me on the title. And now I signed a quick claim deed, which is ready to be filed, but it's not filed yet with the County Court of Los Angeles. All of this is not good. Well, it might not be good to you in the way you look from your perspective. Um, but that's the reason why I'm arguing here with you today. Uh, and in order to protect this property, because, uh, the claimant, uh, RCPE, one, file a 501, which is not complete. It is not, should not be acceptable by the bankruptcy court. Uh, and the trustee, the chapter 13 trustee, they didn't look at all the information that it is not acceptable from the point of the public point of view, which I am the public, Mr. Jimenez is the public. Uh, and this is the reason why this argument. That claim is not acceptable in the court of law is not good. This is not true. All the, um, assignments and paperwork and incorporate, uh, assignments are fabricated and not true. I am, I am arguing, you know, and the second point of this argument, my but basically when you have a discharge on the debts, there's no stay. So what is the controversy there? I don't understand. I still leave that issue as jurisdiction, because you are the power of the land. You are the law and you have the decision about whether a property is protected. And at this point, the system, the Department of Justice, judicial, judicial system, uh, judicial system, protects the property for the public. That's what the system is made for about. It's a constitutional right. And this is my argument right now about that. If I make clear about, uh, RCP creditor has a claim that is not, should not be improperly by the chapter 13, through Steve and by the barrister court, um, the honorable judge to solve, uh, that is not a complete claim. No, regarding again about the, uh, stay. Well, the bonds would be called to say that the, uh, um, there's a discharge and there is no state. How can the judge leave the state? There's no state. Mr. Rivera. I've forgotten how much time you said you wanted to reserve. How much time did you want to reserve? Um, we have about five minutes left. Three minutes. Three minutes. Okay. Thank you. Go ahead. I'm sorry for interrupting. Please go ahead. Well, just when I say the last part is that, uh, uh, we discussed this, uh, I discussed this, um, with Mr. Andrew who is the agent for our city credit door, uh, regarding having a receipt about that debt that he's claiming. And he, I sent him a letter, which I never filed it because I didn't think it was necessary, but I have a copy of it. Uh, and he never responds. So my last point in this argument is about that, that he has a receipt for that debt that he is claiming. If you got a receipt, if Mr. Jimenez received a receipt for that debt, we will refinance that property and we will pay him back. But until this point, there is no receipt on that claim. We don't believe that claim. And we're going to fight this claim all the way until the end, until we see the truth regarding the state, as I'm saying with all my respect to you, honorable panel of the bankruptcy, of course, I leave that urination issue up to you. Uh, because I believe that, uh, the constitutional right, constitutional right, um, with all due respect to the United States of America, I owe that. I mean, I'm owed that right to protect my property, my own property, for which I filed this case. I never filed this case before. Uh, I mean, I never filed, uh, the, uh, property into my case before I filed the case, the case I filed on my own recognitions on my own rights on my own, uh, which to protect my property for the issues that I have in my land there. I'm sorry, but you have about three minutes left. If you want to stop and reserve. I will stop there. And I hope that I'm clear with all of the things that I'm arguing here regarding the two points in my case. Thank you. Thank you. We'll come back to you. Thank you. I hope I don't mangle your name. Mr. Gorginian. Gorginian. That is right, Judge Ferris. Thank you very much. Thank you. Good morning, your honors. I may have pleased the court. I'm very honored to be here. Um, I think we have a full, uh, I have my students also watching. So I'm very honored to be here. Um, your honor, we're back here on appeal. Uh, this time with Mr. Rivera, I think the issues are pretty simple. Um, to begin, I think there is a standing issue and I know this was not raised in, uh, the brief, but I would like to just, uh, quickly raise it as far as standing. The app, the appellant must have some pecuniary interest in the property in order to have standing to appeal. He doesn't. Plain and simple. Let me counsel that. That's an interesting point, but I'm, I listened. I've looked over the record. I've listened to oral argument. I can't tell what interest Mr. Rivera had, has had, may have, did have, will have. Right. But there was something there that implicated the stay. So it doesn't necessarily follow that if whatever interest he had that implicated the stay, it has been affected and therefore is a person aggrieved. Yes, your honor. Um, that is a good point. So the interest that to begin, I don't think he has any interest. Okay. This record though, I mean, unfortunately the briefing, the briefing makes statements back and forth, but there's nothing in the record to establish nor has it been essentially or conclusively ruled on by bankruptcy court. Right. So the bankruptcy court, uh, judge Klein has, uh, granted relief from stay under D1 and D4 similar to judge Zorzolo and prior Mr. Jimenez's case. We're here to seek a affirmance under D1 and also D4. And I remember the issue we had under D4 last time is, uh, I remember judge Taylor saying, what was the scheme? You know, we need more evidence, you know, and I hope at this time that we have shown the scheme, you know, with Mr. Rivera's own, uh, testimony and his own statements made is Mr. Javier Jimenez filed three bankruptcy cases to preclude my client from getting the property. The, uh, the outstanding balance as of today is about 302,000. The loan matured in 2018, I believe. So this, after three attempts by Mr. Jimenez, he transferred some interest to Mr. Rivera, and now he filed this case. I think this is a blatant attempt to delay until the real estate market crashes, and then we can try to do a land motion. So I think that is bad faith. I think his oral arguments today, um, exemplify that he has no interest. So, um, as far as D1, I don't think the appellant has shown that the lower court has abused this discretion, um, to grant D1, as far as D4. And that that's for cause, right? That that's for the transfer. Yes, Judge Lafferty, that's for cause, uh, not, not, not just for the transfer, your honor. Includes a lack of insurance, no payments and all that. So, um, and look, I understand Mr. Rivera's pro se, I understand Mr. Jimenez's pro se, you know, we have made several attempts to explain how the deeds are transferred. I have personally shown them right before the motion of a relief hearing. Here are the corporate transfers. This is why my client has standing. And after the last BAP hearing, we went outside, we sat down, we attempted to negotiate a payoff. Um, and my client is willing to take a lower amount. Okay. So, and right now with the interest rates, I think it's in their best effort. So, you know, I know Mr. Rivera, my, you know, wants to show with this big bad wolf, but we're not, you know, so nobody wants to foreclose, especially nowadays, but, um, my client is nonetheless entitled to receive something, you know, even a monthly payment. So as far as, uh, D1, we respectfully ask the panel to affirm judge Klein's order and including D4, I believe, you know, we have shown enough evidence. Um, I understand the transcript and the evidence might be a still bear, but, uh, based on the testimony and the evidence, I think there is a scheme to defraud. So that's it, your honor. Okay. Any further questions from the panel? Okay, good. All right. Mr. Rivera, you have about, let's see. You have about two and a half minutes left. Please go ahead. Yes, sir. It will be no, uh, uh, interest in the property of Mr. Jimenez. My interest is about having the chance opportunity to build with him, uh, or develop the area. The area is all, uh, buildings, uh, income property producing, uh, and Mr. Jimenez is the only property that is an old house that we're going to have the chance for him, uh, to get, uh, the funds and then, and then do a project, uh, regarding the filing of the states. Um, um, Mr. Uh, Andrew and Andrew Subia filed the two states that, uh, the orders of real estate with the county recorder. The one first that they, uh, he has, uh, with, uh, the owner of Mr. Solo, Joshua Solo, that was reverse that has no value. Uh, and then they filed the one that they have against my case. It is being argued. So that filing wasn't necessary. Uh, why they do that? They do it because with the purpose that they want to foreclose, Mr. Serrano, Georgina, and the claim that they have no interest in foreclosing. I don't believe that. And that's the fear. Why I would put that property in my case because, uh, Mr. Jimenez don't want to be filing cases about the cases and the three cases that he did before it was in the period of 10 years, that there is no intention of fraud from them, from him, Mr. Jimenez and Mrs. Julieta Jimenez. Uh, therefore, uh, I, uh, I rebuttal that, uh, statement that Mr. Georginian said regarding, uh, they don't want to foreclose. They will do it if they have the chance, but they haven't had the chance now. Thank God for that. And thank God for the system of the, uh, Department of Justice, the, um, judicial system in the United States, because that's an interest for the people of the American people like me or Mr. Jimenez, uh, take care of that, take advantage of that system because it's a right that we have. Uh, now the, um, but the cases, as I say, uh, Mr. Jimenez only filed three cases in 10 years. There is not commitment of fraud and there's no intention of the fraud. The creditors, we believe the creditor is not a real creditor. The claim that the file is not a complete claim is not accurate. All the, um, uh, assignments and trust deals, uh, that they tried to present to the court, they were not checked. Those are fabricated. The dates doesn't fit to what happened. Uh, in 2017, 11, uh, the honorable, uh, judge claim and claim, um, um, all that are the full judgment and, uh, uh, which in that time, the creditor was LBL, uh, trading company. Okay. Excuse me, Mr. Mr. Rivera. Thank you very much. Your time is up. Okay. We understand your argument. Thank you so much. Okay. Thank you very much. The matter is submitted.
judges: Farris, Lafferty, Spraker